1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HECTOR MARTI PRIETO,                        No. 1:25-cv-00619 GSA (PC)

12              Plaintiff,                       ORDER: DIRECTING PLAINTIFF TO SHOW
                                                 CAUSE WHY MATTER SHOULD NOT BE
13        v.                                     SUMMARILY DISMISSED FOR:

14   JOHN DOE, et al.,                           (1) FAILURE TO EXHAUST
                                                 ADMINISTRATIVE REMEDIES, AND
15              Defendants.
                                                 (2) UNTIMELINESS
16
                                                 ORDER: ALTERNATIVELY GIVING
17                                               PLAINTIFF OPPORTUNITY TO
                                                 VOLUNTARILY DISMISS THIS ACTION
18
                                                 PLAINTIFF'S SHOWING OF CAUSE OR, IN
19                                               THE ALTERNATIVE, HIS VOLUNTARY
                                                 DISMISSAL OF THIS MATTER DUE IN
20                                               FOURTEEN DAYS

21

22        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

23   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.[1]  ECF Nos. 1,

24   2 (complaint, application to proceed in forma pauperis).  The matter was referred to a United

25   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

26

27   [1] The Court has yet to address Plaintiff's application to proceed in forma pauperis because a
     grant of it will be premature and/or unnecessary if it is determined that this matter should be
28   summarily dismissed.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies and for untimeliness. As an alternative to filing the showing of cause, Plaintiff may file a notice with the Court stating that he wishes to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Plaintiff will be given fourteen days to take one of these two courses of action.

I.     PLAINTIFF'S COMPLAINT

A. Relevant Facts

Plaintiff is an inmate who is currently incarcerated at California Substance Abuse Treatment Facility in Corcoran, California. ECF No. 1 at 1. However, the claims in his complaint appear to have arisen while he was incarcerated at California Correctional Institution in Tehachapi, California ("CCI–Tehachapi"). See id. at 2. He names four John and Jane Does who were presumably employees at CCI–Tehachapi at the time of the incidents in question. Id.

Plaintiff's complaint alleges that the Doe Defendants violated his Eighth Amendment rights to be free from excessive force and to be free from threats to his safety when, on August 22, 2020, he was shot in the head, neck and shoulder from the control booth as he, and what appears to be, another inmate were fighting. See ECF No. 1 at 3-4.

Plaintiff further contends that thereafter, when he was given the opportunity to be interviewed about the incident, it was conveyed to him via a cutting motion done by one of the Doe Defendants that he should not agree to answer questions about the incident. See ECF No. 1 at 4. Based on this Plaintiff states that he felt threatened and silenced not to make statements against two of the other Doe Defendants. Id.

Lastly, Plaintiff states that his Eighth Amendment right to be free from deliberate indifference to serious medical need was violated when, after being sent to the hospital for his injuries from the incident, he was left bleeding profusely on a gurney for over an hour before he was treated, and once he was treated by medical staff, they were aggressive with him. See ECF No. 1 at 5.

2

### B. Harm Caused and Remedies Sought

Plaintiff states that the Doe Defendants shots to his head and neck injured him, and that he was improperly silenced by Defendants.  See ECF No. 1 at 3-4.  He seeks monetary compensation for his injuries as well as for his pain and suffering and for the mental anguish that resulted from the threats that the Doe Defendants made to him.  Id. at 6.

### C. Failure to Exhaust

A cursory review of Plaintiff's complaint indicates that prior to filing it in this Court, Plaintiff did not exhaust his administrative remedies.  See ECF No. 1 at 3-5 (Plaintiff clearly stating available administrative remedies were not exhausted).  In response to the follow-up questions on the complaint form which ask Plaintiff why he did not exhaust, he writes that the "cutting motion" that one of the Doe Defendants made via a hand gesture while Plaintiff was being interviewed about the incident constituted a threat and prevented him from making comments or statements.  See id. at 3-5.  Plaintiff, however, further states that since he has been transferred from CCI-Tehachapi, he no longer feels threatened and can now come forward.  Id. at 4.

### D. Untimeliness Consideration

Plaintiff's complaint also indicates that the incident in question took place on August 22, 2020.  See ECF No. 1 at 3.  The complaint indicates that it was signed by Plaintiff on May 4, 2025.  See id. at 6. There is no indication in the complaint that equitable tolling is appropriate in this matter.  See generally ECF No. 1 (absence of effort to exhaust at CCI-Tehachapi).

## II    APPLICABLE LAW

### A. Exhaustion Requirement

#### 1. The Prison Litigation Reform Act

Because Plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging

1   prison conditions,' including, but not limited to, suits under [Section] 1983." <u>Albino v. Baca</u>, 747

2   F.3d 1162, 1171 (9th Cir. 2014) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 (2006)).

3        "[F]ailure to exhaust is an affirmative defense under the PLRA." <u>Jones v. Bock</u>, 549 U.S.

4   199, 216 (2007). As a result, it is usually a defendant's burden "to prove that there was an

5   available administrative remedy, and that the prisoner did not exhaust that available remedy."

6   <u>Albino</u>, 747 F.3d at 1172 (citing <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 n.5 (9th Cir.

7   1996)). The burden then "shifts to the prisoner to come forward with evidence showing that there

8   is something in his particular case that made the existing and generally available administrative

9   remedies unavailable to him." <u>Id.</u>

10       At the same time, however, "a complaint may be subject to dismissal for failure to state a

11  claim when an affirmative defense (such as failure to exhaust) appears on the face of the

12  pleading." <u>Jones</u>, 549 U.S. at 215. Exhaustion is not a jurisdictional requirement for bringing an

13  action. <u>See</u> <u>Woodford</u>, 548 U.S. at 101.

14       Regardless of the relief sought, "[t]he obligation to exhaust 'available' remedies persists

15  as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no

16  'remedies ... available,' and the prisoner need not further pursue the grievance." <u>Brown v. Valoff</u>,

17  422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing <u>Booth v. Churner</u>,

18  532 U.S. 731 (2001)).

19       "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of

20  administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust

21  unavailable ones." <u>Ross v. Blake</u>, 578 U.S. 632, 642 (2016) (brackets in original). In discussing

22  availability in <u>Ross</u>, the Supreme Court identified three circumstances in which administrative

23  remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end"

24  in which officers are "unable or consistently unwilling to provide any relief to aggrieved

25  inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner

26  can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking

27  advantage of a grievance process through machination, misrepresentation, or intimidation." <u>Ross</u>,

28  578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no

1  limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at

2  639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes,

3  foreclosing judicial discretion."  Id. at 639.

4          2.   Federal Regulations Governing Exhaustion of Administrative Remedies

5          Like state prisoners, federal inmates who are suing under Bivens must first exhaust inmate

6  grievance procedures before bringing suit in federal court.  See Porter v. Nussle, 534 U.S. 516,

7  524 (2002).  The Federal Bureau of Prisons has established an administrative remedy process

8  through which an inmate can seek formal review of an issue related to any aspect of his

9  confinement.  See 28 C.F.R. § 542.10(a); see generally Wright v. Smith, No. 1:10-cv-00011 AWI,

10  2013 WL 3787528, at *3 (E.D. Cal. July 18, 2013), report and recommendation adopted as

11  modified, No. 1:10-CV-00011-AWI, 2013 WL 5406870 (E.D. Cal. Sept. 25, 2013).  Generally, to

12  exhaust available administrative remedies within this system, an inmate must proceed through

13  four levels:  (1) seek informal resolution on a BP-8 form, see 28 C.F.R. § 542.13; Nunez v.

14  Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010); (2) make a formal administrative remedy request to

15  the Warden on a BP-9 form, see 28 C.F.R. § 542.14; (3) if not satisfied with the Warden's

16  decision, appeal to the Regional Director on a BP-10 form, see 28 C.F.R. § 542.15; and (4) if not

17  satisfied with the Regional Director's response, appeal to the General Counsel on a BP-11 form.

18  See id.  A final decision from the Office of General Counsel exhausts the BOP's administrative

19  remedy process.  Id.

20      B.  Four-Year Statute of Limitations Period

21          California's two-year statute of limitations for personal injury actions applies to 42 U.S.C.

22  § 1983 claims.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Its statute of limitations

23  for personal injury actions requires that the claim be filed within two years.  See Cal. Code Civ.

24  Proc. § 335.1.  California Code of Civil Procedure Section 352.1 also provides up to an additional

25  two-years of tolling for prisoners.  It states, in relevant part:

26

27          (a) If a person entitled to bring an action, . . . is, at the time the cause of action
            accrued, imprisoned on a criminal charge, or in execution under the sentence of a
28          criminal court for a term less than for life, the time of that disability is not a part of

                                        5

1   the time limited for the commencement of the action, not to exceed two years.

2

3   Cal. Code Civ. Proc., § 352.1(a).

4        Thus, in most cases, a prisoner has four years to bring a cause of action.  Federal law,

5   however, dictates that a civil rights claim accrues when a plaintiff knows or has reason to know of

6   the injury that is the basis of the cause of action.  See Gregg v. Hawaii, Dep't of Public Safety,

7   870 F.3d 883, 885 (9th Cir. 2017) (citing TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir.

8   1999)).

9        III.    DISCUSSION

10            A.  Exhaustion Requirement

11       As stated above, federal law requires that prisoner litigants exhaust all administrative

12   remedies prior to filing their complaints in federal court.  See 42 U.S.C. § 1997e(a); Rhodes v.

13   Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative

14   remedies . . . before that complaint is tendered to the district court.").  There are few exceptions to

15   this rule.  See Ross, 578 U.S. at 643-44 (exceptions to exhaustion requirement).

16            1.  Exhaustion Provides Notice to Potential Defendants

17       The filing of a grievance serves to give a prison notice of the problem that a prisoner

18   would like to have resolved.  See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010);

19   Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013).  Additionally, the purpose of the

20   exhaustion requirement is to give corrections officials both the time and the opportunity to

21   address complaints internally before a federal case is started.  Porter v. Nussle, 534 U.S. 516,

22   524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).

23            2.  "Cutting" Gesture by Doe Defendant Insufficient to Establish Intimidation

24       In each of the three claims that Plaintiff raises, in response to the question of whether he

25   has exhausted his administrative remedies, Plaintiff states that he has not.  See ECF No. 1 at 3-5.

26   He then asserts that he did not exhaust his administrative remedies because during an interview

27   about the incident, when the Doe Defendant made the cutting motion, this threatened and silenced

28   him.  See id.

1

2    Plaintiff's statement attempts to assert that a Defendant Doe's "cutting motion" hand

3    gesture made to him during his interview about the incident constituted "intimidation."

4    Intimidation is a valid reason under <u>Ross</u> to excuse the exhaustion requirement.  However, this

5    level of "intimidation," without more, is not enough.

6    Plaintiff neither speaks of other actual verbal or physical threats of retaliation made by

7    Defendants about filing grievances, nor does he speak of any subsequent mistreatment,

8    intimidation, and/or ongoing threats made to him by prison officials between August of 2020,

9    when the incidents in question occurred, and May of 2025, when the instant complaint was filed.

10    Furthermore, although Plaintiff may have felt threatened after the Doe Defendant made the

11    "cutting" hand gesture, he provides no other or further examples of efforts that he made over the

12    more than four-and-a-half-year-plus period where he actually tried to file grievances in order to

13    exhaust but was threatened, discouraged, and/or outright denied his right by prison officials to file

14    a grievance about the alleged incident(s).  <u>See generally</u> ECF No. 1.  For this reason, this matter

15    should be summarily dismissed.

16    B.  <u>Four-Year Statute of Limitations Period</u>

17    Furthermore, even if Plaintiff had exhausted his administrative remedies prior to filing this

18    suit, he has filed it beyond the four-year statute of limitations period.  Plaintiff states that the

19    incident in question occurred on August 22, 2020.  <u>See</u> ECF No. 1 at 3.  As a result, assuming for

20    the sake of argument that Plaintiff is not serving a life sentence, he had until August 22, 2024, to

21    file his complaint in this Court.

22    Plaintiff's complaint was signed on May 4, 2025.[2]  <u>See</u> ECF No. 1 at 6.  Therefore,

23    Plaintiff's complaint was constructively filed more than eight months after the four-year period he

24

_____

25    [2]  The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule.
      <u>See</u> <u>Roberts v. Marshall</u>, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for

26    prisoner giving pleading to prison authorities is date pleading is signed); <u>Jenkins v. Johnson</u>, 330
      F.3d 1146, 1149 n.2 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Pace v. DiGuglielmo</u>, 544

27    U.S. 408 (2005).  A court also assumes that a prisoner turns his pleading over to prison authorities
      on the same day that he signs it.  <u>See, e.g.</u>, <u>Porter v. Ollison</u>, 620 F.3d 952, 955 n.2 (9th

28    Cir.2010).

1  was given to file it.  Furthermore, because Plaintiff appears to indicate that he did not attempt to

2  exhaust his administrative remedies at all (see generally ECF No. 1 at 4) (Plaintiff stating it has

3  been his transfer to new prison that enabled him to come forward), there is no equitable tolling

4  period that can be applied to the four-year-period that Plaintiff had to file the instant complaint in

5  this Court.  For this reason alone this matter should be summarily dismissed.

6      IV.  <u>CONCLUSION</u>

7      It is clear on the face of the complaint that prior to Plaintiff filing it in this Court, he did

8  not exhaust his administrative remedies at CCI–Tehachapi as he was required to do.

9  Additionally, it does not appear that Plaintiff has provided good cause under <u>Ross</u> to excuse the

10  exhaustion requirement.   It is also clear on the face of the complaint that the pleading is untimely

11  as it was filed well beyond the four-year statute of limitations period, and because no equitable

12  tolling can be applied, given that Plaintiff made no effort whatsoever to exhaust his administrative

13  remedies prior to filing in this Court.

14      For these reasons, this matter must be summarily dismissed.  Prior to making the

15  recommendation, however, Plaintiff will be given the opportunity to show cause why this matter

16  should not be summarily dismissed on these two grounds.  As an alternative to filing the showing

17  of cause, Plaintiff may voluntarily dismiss this matter, pursuant to Federal Rule of Civil

18  Procedure 41(a)(1)(A)(i).  Plaintiff will be given fourteen days to take either course of action.

19      Accordingly, IT IS HEREBY ORDERED that:

20      1.  Plaintiff shall SHOW CAUSE why this matter should not be dismissed for failure to

21  exhaust administrative remedies and for untimeliness;

22      2.  As an ALTERNATIVE to filing the showing of cause, Plaintiff may file a notice that

23  he wishes to VOLUNTARILY DISMISS this matter pursuant to Federal Rule of Civil Procedure

24  41(a)(1)(A)(i), and

25      3.  Plaintiff shall have fourteen days to take either cause of action.

26

27  IT IS SO ORDERED.

28    Dated:  __**May 30, 2025**__            __**/s/ Gary S. Austin**__

UNITED STATES MAGISTRATE JUDGE