UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00619-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Hector Martin Prieto is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.   Plaintiff filed the underlying complaint on May 27, 2025. (ECF No. 1). Plaintiff states that "this incident is dated back to August 22, 2020."  (ECF No. 1, at p. 3).  Plaintiff alleges that, on August 22, 2020, three Doe Defendants shot him in the head, neck, and shoulder from the control booth as he and another inmate were fighting. (*Id.* at pp. 3-4). Plaintiff alleges that, also on August 22, 2020, two Doe Defendants at the local hospital failed to treat him for over an hour, then treated him aggressively. (ECF No. 1 at p. 5).

On May 30, 2025, the Court issued an Order Directing Plaintiff to Show Cause Why the Matter Should Not be Summarily Dismissed for Failure to Exhaust Administrative Remedies and Untimeliness ("OSC"). (ECF No. 7).

On July 17, 2025, Plaintiff filed his Response to Order to Show Cause (ECF No. 10), along with medical records and unrelated grievance forms (ECF No. 9). Plaintiff confirmed that the incident at issue occurred on August 22, 2020, and restated his claims against Doe Defendants. Regarding the issue of exhaustion, Plaintiff argues that he has filed various other grievances before and after the incident, but that he was intimidated from filing a grievance for the August 22, 2020 incident after one of the Doe Defendants made a "cutting gesture." However, Plaintiff's response failed to address the issue of statute of limitations.[1]

After reviewing Plaintiff's response, the Court finds that Plaintiff's claims are time-barred. Accordingly, the Court will recommend that this action be dismissed.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

---

[1] The matter was reassigned to the undersigned on October 6, 2025. (ECF No. 11).

this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff indicates that the events described in the complaint occurred at the California Correctional Institution ("CCI") in Tehachapi, California and Mercy Hospital in Bakersfield, California. (ECF No. 1 at p. 1). He names the following, as Defendants: (1) John Doe, CCI correctional officer; (2) Jane Doe, CCI correctional officer; (3) John and Jane Does from Mercy Hospital; and (4) John Doe, Lieutenant correctional officer at CCI. (*Id.* at p. 2). Plaintiff specifically alleges:

On August 22, 2020, Plaintiff and another inmate were involved in a "'mutual combat' fight in the dayroom area of Building 3, Section B, Facility A." (*Id.* at p. 3). Plaintiff was shot in the back of the head, "left neck area," shoulder, and leg by the "control booth correctional officers." (*Id.* (internal quotation marks omitted)). Plaintiff believes the officers acted with excessive force because they attempted to shoot him in the face and used an excessive amount of rounds. (*Id.*). The officers did not shoot at the other combatant. (*Id.*). Plaintiff "could not 'get down' as ordered" because "the other combatant continued to advance … in an attempt to attack" him. (*Id.*).

Plaintiff was taken to Mercy Hospital in Bakersfield, California. (*Id.* at p. 5). Despite his emergent condition, medical staff left Plaintiff on a gurney, "bleeding profusely," for over an hour before rendering medical aid. (*Id.*). "When medical staff attended [to Plaintiff], they were stating 'he's fine' while being negligent." (*Id.*). Plaintiff had to tell the "male nurse or doctor to slow down because they were being aggressive and hurting [his] injuries." (*Id.*).

\\\

Plaintiff confirms that he did not file a grievance related to the August 22, 2020, incident but alleges that after returning to the prison on August 22, 2020, the "4th Defendant, the lieutenant, male 'correctional officer' 'John Doe' called [Plaintiff] into Facility A Program Office to conduct a … video interview for (SBI) serious bodily injury by correctional officers." (*Id.* at p. 4). The Doe Defendant asked Plaintiff if he wanted to participate in the interview and answer questions. (*Id.*). Before Plaintiff responded, the Doe Defendant "motioned [Plaintiff] with a hand gesture in a 'cutting motion' to say no during the video interview." (*Id.*). Plaintiff felt "threatened and silenced into not making statements against the first [two] defendants" but he was transferred from the facility and "no longer feel[s] threatened." (*Id.*).

## III.     ORDER TO SHOW CAUSE AND RESPONSE

### A.  Order to Show Cause

On May 30, 2025, the Court[2] issued an order to show cause. (ECF No. 7). The Court asked Plaintiff to show cause why his case should not be dismissed for failure to exhaust administrative remedies before filing the case, and for filing the case outside the statute of limitations. Specifically regarding the statute of limitations, the Court stated that "[i]t is also clear on the face of the complaint that the pleading is untimely as it was filed well beyond the four-year statute of limitations period" and that equitable tolling did not apply because Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. (*Id.* at p. 8). The Court stated that "Plaintiff will be given the opportunity to show cause why this matter should not be summarily dismissed on these two grounds." (*Id.*). In the alternative, "Plaintiff may voluntarily dismiss this matter, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)." (*Id.*). Plaintiff was "given fourteen days to take either course of action." (*Id.*).

### B.  Plaintiff's Response to Order to Show Cause

On July 17, 2025, Plaintiff filed his response. (ECF No. 10). As to exhaustion, Plaintiff argues that, after seeing the Defendant make a cutting gesture toward him, he felt "intimidated, threatened, and outright discouraged…[and] silenced by the 'SHO' Senior Hearing Officer the

---

[2] The order to show cause was issued by Magistrate Judge Gary S. Austin, before the case was transferred to the undersigned.

Doe Defendant." (*Id.* at p. 6). He "was not given a dinner tray after arriving from the hospital" following the incident. (*Id.*) He was "given a small slice of pizza as if to reward [him] [and] to tell [him] to stay quiet. A form of bribe." (*Id.*)

Plaintiff also alleges that during the disciplinary process, "an excessive amount of correctional officers" were present when the "Senior Hearing Officer arrived at [Plaintiff's] housing unit along with several correctional officers [and] surrounded [Plaintiff]" in the rotunda of the building. (*Id.* (internal quotation marks omitted)) The Senior Hearing Officer asked Plaintiff if he had any "comments" about the incident and Plaintiff perceived this to be an "intimidation tactic." (*Id.*) Plaintiff describes and attaches unrelated grievances he filed for medical care, officer assault, abuse, and retaliation. (*Id.* at pp. 6-12; ECF No. 9).

However, Plaintiff's response did not address the statute of limitations.

## IV.    LEGAL STANDARDS FOR STATUTE OF LIMITATIONS

### A.   Statute of Limitations for § 1983 Claims

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *E.g., Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (internal quotation marks omitted) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)

("A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."). This is normally on the date of injury. *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994).

In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. *Lukovsky*, 535 F.3d at 1048. California's two-year statute of limitations for personal injury actions, which requires that the claim be filed within two years, applies to 42 U.S.C. § 1983 claims. Cal. Code Civ. Proc., § 335.1.

B.   Tolling under Emergency Rules Related to COVID-19

The Judicial Council of California issued emergency rules in response to the COVID-19 pandemic. *See* Judicial Council of Cal., Emergency Rules Related to COVID-19.[3]

> Under emergency rule 9, "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." *Id.* "By its terms, 'Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action.'" *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-5799, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021) (quoting Judicial Council of Cal., Advisory Comm. Comment).

*Porter v. Yuba City Police Officers Hansen*, No. 2:20-CV-01554-KJM-DB, 2022 WL 1460124, at *2 (E.D. Cal. May 9, 2022).

C.   Statutory Tolling

In actions where the federal court borrows the state statute of limitations, the court also borrows all applicable provisions for tolling the limitations period found in the applicable state law. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).

California Code of Civil Procedure, § 352.1 states that a maximum two-year limit on statutory tolling is imposed on prisoners serving less than a life sentence.

\\\

---

[3] https://courts.ca.gov/system/files?file=rules-court/roc-appendix-i.pdf (accessed January 30, 2026). The Court takes judicial notice of these emergency rules under Federal Rule of Evidence 201. *See Arizona Libertarian Party v. Reagan, 798 F.3d 723, 727 n.3 (9th Cir. 2015)*.

D. Equitable Tolling

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

## V.    ANALYSIS

Here, the incident at issue occurred on August 22, 2020.

Applying California's two-year statute of limitations for personal injury actions, Plaintiff's deadline to file the lawsuit would have been August 22, 2022, absent tolling.

Because his claim arose during the COVID emergency tolling period (from April 6, 2020, until October 1, 2020), the statute of limitations is tolled from August 22, 2020 to October 1, 2020, i.e., for 40 days. As such, applying the tolling for COVID, Plaintiff's deadline to file would have been October 1, 2022.

It is not clear from the face of the complaint if Plaintiff is imprisoned for a term of less than life. However, assuming that Plaintiff is imprisoned for a term of less than life and entitled to statutory tolling under California Code of Civil Procedure, § 352.1, Plaintiff's deadline to file the complaint would have been October 1, 2024.

The Court has also considered whether Plaintiff is entitled to equitable tolling for exhausting administrative remedies. However, because Plaintiff did not file a grievance regarding these incidents or otherwise exhaust administrative remedies, he is not entitled to equitable tolling.

Thus, applying all applicable tolling periods, Plaintiff's deadline to file this lawsuit was October 1, 2024.  However, Plaintiff did not file the case until May 27, 2025. Plaintiff's lawsuit is thus barred by the statute of limitations.

## VI.    ORDER AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's claims be dismissed with prejudice as barred by the statute of limitations;[4] and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Moreover, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:    **February 10, 2026**                    /s/ *Erica P. Grosj*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[4] The Court does not recommend giving leave to amend because the facts regarding statute of limitations are clear from the face of the complaint. Furthermore, in Plaintiff's response to the Court's order to show cause, Plaintiff did not address the timeliness issue or indicate that he could allege facts relevant to this analysis. (ECF No. 10).