UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00619-JLT-EPG (PC)<br><br>ORDER DISMISSING THIS CASE, WITHOUT FURTHER LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Doc. 23) |

## I.    INTRODUCTION

Hector Martin Prieto is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. (Docs. 1, 12.)

As detailed below, this Court dismissed Plaintiff's initial complaint as barred by the statute of limitations. (Doc. 19.) However, the Court granted him leave to amend so that he could allege facts in an amended complaint regarding how intimidation and threats prevented him from timely pursuing internal administrative grievances and filing this case. (*Id.*) Plaintiff has failed to comply with courts orders to file an amended complaint. Accordingly, the Court will dismiss this case, without further leave to amend, for failure to comply with court orders.

## II.    BACKGROUND

Plaintiff filed the underlying complaint on May 27, 2025. (Doc. 1.) Plaintiff stated that the "incident [was] dated back to August 22, 2020." (*Id.* at 3) (capitalization omitted). And he alleged that, on August 22, 2020, Doe Defendants shot him in the head, neck, and shoulder

from the control booth as he and another inmate were fighting. (*Id.* at 3–4.) Also on August 22, 2020, Doe Defendants at the local hospital failed to treat him for over an hour, then treated him aggressively. (*Id.* at 5.)

On May 30, 2025, the formerly presiding magistrate judge issued an order directing plaintiff to show cause why the matter should not be summarily dismissed for failure to exhaust administrative remedies and untimeliness. (Doc. 7.)

On July 17, 2025, Plaintiff filed a response to the show cause order, along with medical records and unrelated grievance forms. (Docs. 9, 10.) Plaintiff confirmed that the incident at issue occurred on August 22, 2020, and restated his claims against Doe Defendants. Regarding the issue of exhaustion, Plaintiff argued that he had filed various other grievances before and after the incident, but that he was intimidated from filing a grievance for the August 22, 2020 incident after one of the Doe Defendants made a "cutting gesture." However, Plaintiff's response failed to address the issue of the statute of limitations.[1]

After reviewing Plaintiff's response, the assigned magistrate judge concluded that Plaintiff's claims were time-barred and entered findings and recommendations on February 10, 2026, to dismiss the case with prejudice as barred by the statute of limitations. (Doc. 14, at 8.)

Plaintiff objected to the findings and recommendations, but the undersigned issued an order on March 9, 2026, adopting the recommendation to dismiss the complaint. (Docs. 17, 19.) However, the undersigned granted Plaintiff leave to amend his complaint within twenty-one days to include facts relevant to how he was prevented from timely exhausting his administrative remedies and filing this case:

> Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the magistrate judge correctly determined that plaintiff's claims are barred by the statute of limitations. The Court interprets Plaintiff's statements and arguments in his objections as a request for leave to amend to clarify how intimidation and threats prevented him both from pursuing internal administrative grievances and from filing this lawsuit. The Court grants that request . . . ."

(Doc. 19 at 1–2.)

---

[1] The matter was reassigned to a new magistrate judge on October 6, 2025.  (Doc. 11.)

In response, Plaintiff filed a document purporting to be an amended complaint that was instead objections. (Doc. 21.) The magistrate judge issued a minute order on April 2, 2026, noting that this filing was improper and giving Plaintiff a final opportunity to file an amended complaint:

> Plaintiff filed a combined Objection to Order Adopting Findings and Recommendations to Dismiss This Action With Prejudice As Barred by the Statute of Limitations and Amended Complaint. (ECF No. 21). However, Plaintiff's objection is not an amended complaint, as required by the District Judge's March 9, 2026 order. (ECF No. 19). The Court will give Plaintiff one extension of time to file an amended complaint if he chooses to do so. That amended complaint should be complete in itself without any reference to a prior complaint or order. Plaintiff should also include any facts that he believes are relevant to how intimidation and threats prevented him both from pursuing internal administrative grievances and from filing this lawsuit or otherwise would establish the timeliness of the claim. Accordingly, Plaintiff must file his amended complaint **no later than April 23, 2026**. Failure to comply with this order may result in the dismissal of this action.

(Doc. 22) (minor alterations).

Plaintiff filed another document that purports to be an amended complaint on April 21, 2026, which is now before the Court for review. (Doc. 23.)

## III.     PURPORTED AMENDED COMPLAINT[2]

As explained below, Plaintiff's purported amended complaint is not a proper complaint.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's filing does not provide factual allegations and legal claims against Defendants. Rather, Plaintiff's filing includes a long procedural recitation of this case, argues that his initial complaint stated legal claims, and that the Court was incorrect to conclude that there were inadequate allegations of intimidation for purposes of the statute of limitations.

For example, Plaintiff recites how the magistrate issued findings and recommendations to dismiss his case as time-barred and how the undersigned adopted the findings and recommendations, but granted Plaintiff leave to amend to include facts about how he was prevented from timely filing this case. (Doc. 23 *at* 1-3.) Elsewhere, noting that the undersigned

---

[2] For readability, minor alterations, such as changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

determined that his claims were time-barred in adopting the findings and recommendations, he states as follows:

> Respectfully, your Honor. I would like to state to the Court I am filing my amended complaint and stating that I respectfully object. I do not believe that my case should be dismissed solely because I was unaware of the statute of limitations. This is unfair to my complaint. I have in fact stated cognizable claims in my civil complaint for the Court to reasonably infer that the Defendants did in fact violate my Federal constitutional rights.

(*Id.* at 6.)

As a final example, Plaintiff asserts that he previously alleged sufficient facts about intimidation to explain why he did not comply with the statute of limitations:

> The Court has previously stated; intimidation is a valid reason under *Ross* to excuse the exhaustion requirement. However, the level of intimidation that I had previously spoken of without more is not enough.
>
> Respectfully, I disagree. The Court has previously stated; that the documents that I have attached to my response are unrelated. Respectfully, your Honor, this is false. I attached medical documents which are "confidential" to my original complaint. I also attached grievances which are related . . . .

(*Id.* at 21).

In short, because Plaintiff's filing does not present any factual assertions or legal claims against any Defendants, it is not a proper amended complaint. Rather, it amounts to Plaintiff's objections to the Court's prior rulings.

## IV.    FAILURE TO COMPLY WITH COURT ORDERS

The Court may dismiss a case for failure to comply with court orders:

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the

first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, the undersigned dismissed Plaintiff's complaint on March 9, 2026, but granted him leave to file any amended complaint within twenty-one days. (Doc. 19.) Rather than timely file an amended complaint, Plaintiff filed objections similar to those now before the Court. (Doc. 21.) Accordingly, the magistrate judge issued a minute order noting that Plaintiff's filing was not an amended complaint and giving him until April 23, 2026, to file a proper amended complaint. (Doc. 22.) Despite this instruction, Plaintiff has again filed objections rather than an amended complaint. (Doc. 23). These failures to comply with court orders to file an amended complaint are delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with court orders to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has failed to file a proper amended complaint, despite being warned of possible dismissal (Doc. 22), there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions will be of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor weighs in favor of dismissal without further leave to amend. Finally, because public policy favors disposition on the merits, this final factor

weighs against dismissal.

After weighing the factors, the Court concludes that dismissal without further leave to amend is warranted.

**V.      CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS**:

1.      This action is **DISMISSED**, without further leave to amend, for failure to comply with court orders.

2.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **May 15, 2026**

UNITED STATES DISTRICT JUDGE